UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA MOORE,                                                                                                PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:10-CV-26-S

HUMANA, INC.,                                                                                        DEFENDANT

## **MEMORANDUM OPINION**

Brenda Moore has sued her former employer, Humana, Inc., for various forms of employment discrimination.[1] Humana moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow the court will grant that motion in substantial part.

A complaint "only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). This raises the bar from where *Conley v. Gibson*, 355 U.S. 41 (1957) had left it: Whereas under *Conley* a court was to dismiss a facially well-pleaded complaint only if its contents were so outlandish as to be utterly incapable of proof, *Iqbal* (along with its predecessor, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) advises us to toss out a case unless the allegations meet some minimum standard of plausibility. *Courie*, 577 U.S. at 629-30. While we must take the complaint's factual allegations as true in making this assessment, we need not accept the truth of legal conclusions or draw unwarranted factual inferences. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

---

[1] One of her claims arises under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et. seq. The court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

Taking the allegations of the complaint as true, the following story emerges. Moore worked for Humana for more than three years. In March 2009, she sought medical leave pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., to obtain treatment for her anemia. This request was initially granted. Her supervisor, Raymond Allen, however, allegedly harassed Moore by telling her that "nobody knows what you are talking about" (with regard to her FMLA request), and that she should not "be bothering nobody with your issues." (Compl. ¶ 8.) Allen also allegedly "engaged in inappropriate sexual behaviors with female employees in front of Moore and others," about which Moore complained to Humana. (*Id.*) Humana eventually terminated Moore's employment,[2] and she filed this suit shortly thereafter.

Moore's first claim is for violation of the Kentucky Civil Rights Act (KCRA), KRS 344.010 et seq. She alleges that Humana failed to accommodate her disability and then fired her because of it. To make out a disability discrimination claim, the plaintiff must plead and prove three elements: (1) that she had a disability within the KCRA's meaning; (2) that she was "otherwise qualified" to perform the requirements of the job, with or without reasonable accommodation; and (3) that she suffered an adverse employment decision because of her disability. *Hallahan v. Courier-Journal*, 138 S.W.3d 699, 706-07 (Ky. Ct. App. 2004). The KCRA defines "disability" to mean either "(a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) A record of such an impairment; or (c) Being regarded as having such an impairment." KRS 344.010(4) (paragraph breaks removed). Plaintiff has not alleged that her anemia limited one or more of her major life activities, or that she had a record of such impairment. Nor does

---

[2] The complaint does not allege a date on which Moore was dismissed. Defendant avers that this occurred on December 1, 2009. (Def.'s Br. 1.) Plaintiff does not contest this date and we see no reason to question it.

she allege that Humana regarded her as being so limited. The closest she comes is the assertion that "Humana perceived and regarded Moore as having substantial limitation on her ability to work and/or perform one or more major life activities" (Compl. ¶ 10), and that "Humana perceived and regarded Moore as being unable to perform the essential functions of her position" (*id.* at ¶ 11). These allegations constitute no more than a mere "formulaic recitation of the element of a cause of action," which "will not do." *Twombley*, 540 U.S. at 555. While detailed factual allegations are not required, a plaintiff must present *something* in support of her legal theory. The complaint contains no reference to any event in which Moore was treated as though she was unable to do her job; indeed, it does not even inform the court what her job was or what duties she was asked to perform. The complaint contains no basis for thinking that Humana regarded Moore as impaired, and thus contains no basis for finding that she was disabled within the meaning of the KCRA. Count A must therefore be dismissed.

Count E also invokes the KCRA, this time in support of a claim for sexual harassment. The KCRA is interpreted "in consonance with Title VII of the Federal Civil Rights Act of 1964." *American Gen. Life & Accident Ins. Co. v. Hall*, 74 S.W.3d 688 (Ky. 2002); *Bank One, Ky., N.A. v. Murphy*, 52 S.W.3d 540, 544 (Ky. 2001). To establish a hostile work environment claim, a plaintiff must show that "(1) she is a member of a protected class (female); (2) she was subjected to harassment, either through words or actions, based on sex; (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009) (*quoting Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)). The first element is obviously satisfied by the

complaint, and we think the second is as well in light of *Gallagher*. There the court of appeals held that the "natural effect" of exposure to conduct that is "explicitly sexual and patently degrading of women" is "embarrassment, humiliation and degradation, irrespective of the harasser's motivation," even where the conduct was not entirely directed at the plaintiff. *Id.* at 271. Allen's alleged conduct with regard to other female employees, if proved, could plausibly fit this bill. It is similarly plausible that it interfered with the plaintiff's work performance and created a hostile environment; she did after all allegedly go so far as to complain about it. And because employer liability for supervisor harassment is vicarious, Allen's status as the plaintiff's manager puts Humana on the hook if Moore proves her case. The hostile work environment claim survives.

Moore also asserts a retaliation claim, alleging that she was fired because she complained about Allen's behavior towards her coworkers. To set out a prima facie retaliation claim, the plaintiff must allege (1) that she engaged in protected activity; (2) that the defendant knew of the protected activity; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Brooks v. Lexington-Fayette Urban County Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004) (*citing Christopher v. Stouder Memorial Hosp.*, 936 F.2d 870, 877 (6th Cir. 1991)). "A plaintiff's 'burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met.'" *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 Fed. Appx. 587, 598 (6th Cir. 2009) (*quoting DiCarlo v. Potter*, 358 F.3d 408, 420 (6th Cir. 2004)). The first three elements are plainly successfully alleged here, but the fourth is lacking. Proximity in time can in some cases be sufficient to give rise to an inference of causality, but the Sixth Circuit has held that the passage of four months is too long a period to suffice on its own, without additional facts, to support such an inference.

*Cooper v. North Olmsted*, 795 F.2d 1265, 1272 (6th Cir. 1986) "[W]here some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Mickey v. Zeidler Tool & Die Company*, 516 F.3d 516, 525 (6th Cir. 2008). Here there is nothing alleged in support of causality, and nine months' time[3] between complaint and discharge is certainly too much to stand alone. Accordingly the retaliation claim must be dismissed for failure to state a claim.

Count B must be dismissed for the same reason. It attempts to allege that the plaintiff was terminated in retaliation for asserting her rights under the FMLA. Again, however, there is nothing to connect her termination to her FMLA request nine months earlier. The closest the complaint comes is Allen's two alleged statements (that "nobody knows what you are talking about" and that she should not "be bothering nobody with your issues"), but the plaintiff has produced no argument in support of the proposition that those statements give rise to plausible inference that Humana fired her for requesting leave. The court sees no reason to draw such an inference. Accordingly this claim will be dismissed.

Plaintiff's wrongful discharge and intentional infliction of emotional distress claims fail as a matter of law because they are preempted by the KCRA. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute."). This rule obviously bars the wrongful discharge claim, which simply reasserts the

---

[3] As noted above, the plaintiff has not alleged the date on which she was fired, but we treat December 1, 2009 as admitted. Moore also has not alleged the date of her complaint with any specificity, but the allegation comes in a paragraph beginning "In March of 2009 . . . ," so we assume the complaint occurred in that month.

retaliation claims discussed above. Similarly, because the KCRA would allow a successful claimant to recover damages for emotional distress resulting from (as here) disability discrimination or sexual harassment, Moore's IIED claim is subsumed by her KCRA claims. *See* KRS 344.020(1)(b) (the KCRA protects "personal dignity and freedom from humiliation"); *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. Ct. App. 2001) (*citing Grzyb*, 700 S.W.2d at 401). Accordingly Counts C and D must be dismissed.

Only Moore's claim for hostile work environment sexual harassment survives dismissal. A separate order will issue to this effect.

.