UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA MOORE                                                                                            PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 3:10CV-26-S

HUMANA, INC.                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Brenda Moore, to remand the remaining claim in this case to the Jefferson County, Kentucky, Circuit Court. (DN 11).

In this action, Moore alleged that her employer, Humana, Inc.,[1] engaged in various wrongful acts including a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"). The matter was removed to this court under our federal question jurisdiction in light of the FMLA claim.

By previous Memorandum Opinion and Order, the court dismissed all of Moore's claims with the exception of the claim alleging hostile work environment sexual harassment in violation of the Kentucky Civil Rights Act, KRS 344.010, *et seq*., ("KCRA"). Moore now seeks remand on the ground that "there is no federal statute jurisdiction in this case." Remand Mo., p.1. She urges that "where there is no diversity jurisdiction, a federal question must be present in order for removal to be proper," citing *Caterpillar Inc. v. Moore*, 482 U.S. 386, 391-92 (1987). Remand Mo., p. 1.

---

[1] The defendant has stated in its pleadings and Answer that Humana, Inc. has been wrongly sued. Apparently Humana Insurance Company was Moore's employer, not Humana, Inc. In its response to the motion to remand, the defendant states in a footnote that "HIC is willing to be substituted for the improperly named Humana, Inc. as the Defendant in this matter." While such a substitution may be made by consent, the court cannot do so, absent a motion.

While the dismissal of a federal claim does not divest the court of jurisdiction over a supplemental claim which accompanied a properly removed federal claim, the court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Humana asserts that diversity jurisdiction exists and therefore the court should decline to remand. However, Humana did not remove the action under our diversity jurisdiction. Further, Humana states in its Answer and its response that "neither Humana, Inc. nor Humana Insurance Company is a Kentucky corporation." Answer, ¶ 2.

Humana, Inc. has not filed a motion to substitute. There is also nothing in the record establishing the citizenship of either Humana entity. Humana simply points to a denial in its answer that it is a Kentucky corporation as alleged in the complaint. Humana urges that since this court found in another action that HIC was a citizen of Wisconsin (even though HIC is, to date, not a party to this action), the court should make the same finding here. There is no basis for such a finding on the current record.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Brenda Moore, to remand (DN 11) is **GRANTED** and this action is **REMANDED TO THE JEFFERSON CIRCUIT COURT, DIVISION TWO, FOR ALL FURTHER PROCEEDINGS.**

**IT IS SO ORDERED.**